Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| TDV II, LLC<br><br>Demandante Recurrida<br><br>v.<br><br>FRANCISCO GARCED MALAVÉ<br><br>Demandado Peticionario | TA2026CE00812 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.:<br>E CD2014-0350<br>Salón Núm.: 0702<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el Sr. Francisco Garced Malavé (señor Garced Malavé o peticionario) mediante recurso de *certiorari*. Solicita que revoquemos ciertos pronunciamientos judiciales emitidos por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante los aludidos dictámenes, el Tribunal ordenó la ejecución de la *Sentencia* emitida en el presente caso y decretó No Ha Lugar una moción de reconsideración presentada por el peticionario, respectivamente. Por los fundamentos que expondremos, declaramos No Ha Lugar la *Solicitud Urgente de Paralización* y denegamos expedir el auto de *certiorari* solicitado.

En síntesis, el 25 de febrero de 2025, el foro recurrido emitió una *Sentencia* mediante la cual declaró Ha Lugar la *Demanda* de la causa de acción de epígrafe y ordenó la ejecución de la hipoteca que gravaba

una propiedad ubicada en el Municipio de Caguas, mediante su venta en pública subasta. En lo pertinente a los asuntos del caso que nos ocupa, el 3 de diciembre de 2025, Espacio Residential, LLC (Espacio) —quien era el entonces acreedor—, presentó una *Moción Solicitando Ejecución de Sentencia y Sustitución de Parte*. En respuesta, el 8 de diciembre de 2025, el peticionario presentó una *Moción en Oposición a Solicitud de Ejecución de Sentencia* en la que se opuso a la ejecución del dictamen final del presente caso. Para propósitos de contexto, y según surge del expediente, Espacio fue sustituido en el caso de epígrafe por Cielo Vivienda, LLC y TDV II, LLC, por ser los tenedores de buena fe del pagaré y crédito hipotecario, lo que supuso su intervención en esta reclamación judicial como los nuevos acreedores. Posteriormente, quedó TVD II, LLC como único acreedor, lo que explica su sola comparecencia ante este Tribunal como parte recurrida.

Luego de varios incidentes procesales, incluyendo la presentación de varias mociones y la celebración de la vista sobre ejecución de sentencia, el 14 de mayo de 2026, el foro de primera instancia emitió una *Orden Sobre Ejecución de Sentencia y Venta de Bienes*. A través del referido dictamen, el foro recurrido ordenó a la Secretaría del tribunal a expedir el mandamiento de ejecución de sentencia correspondiente. Así las cosas, el 28 de mayo de 2026, el peticionario presentó una *Moción de Reconsideración al Amparo de la Regla 47 de Procedimiento Civil*, que fue declarada Sin Lugar.

En desacuerdo, el 25 de junio de 2026, el señor Garced Malavé compareció ante nosotros mediante recurso de *certiorari* en el que le imputó al tribunal la comisión de cinco (5) errores, formulados de manera inquisitiva, a saber:

1. ¿Viola el debido proceso de ley garantizado por la Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico que un tribunal de instancia revoque sus propios compromisos procesales expresos en menos de 24 horas, sin justa causa, privando a una parte de su derecho a ser oída antes de ser despojada de un interés propietario?

2. ¿Puede un tribunal de instancia autorizar la ejecución de una hipoteca a favor de una entidad que no aparece como cesionaria en el Registro de la Propiedad, cuando cinco sustituciones procesales sucesivas ninguna acompañada de cesión inscrita han reemplazado al acreedor original sin cumplir los requisitos formales de la Ley del Registro de la Propiedad y la Ley de Instrumentos Negociables?

3. ¿Satisface los requisitos de la Ley de Instrumentos Negociables de Puerto Rico una certificación administrativa como sustituto del endoso físico requerido para acreditar la retransferencia de un pagaré hipotecario desde una institución federal del Congreso de los Estados Unidos hacia entidades privadas, cuando el propio instrumento contiene un sello de "CANCELLED" sin firma, sin fecha, y sin instrumento formal de retransferencia?

4. ¿Puede la doctrina de cosa juzgada proteger una sentencia hipotecaria dictada a favor de Espacio Residential LLC entidad que accedió al pleito mediante sustitución procesal sin cesión inscrita en el Registro de la Propiedad y sin acreditar documentalmente cómo adquirió el pagaré cuando el demandante original era Doral Recovery II, LLC, ninguna de las dos entidades probó legitimación activa, el descubrimiento de prueba ordenado judicialmente para establecer esa legitimación fue evadido durante una década, y tres pagarés distintos compartiendo el mismo número affidavit notarial sugieren alteración del instrumento original?

5. ¿Erró el Tribunal de Primera Instancia al dictar Sentencia y posteriormente autorizar la ejecución cuando el descubrimiento de prueba ordenado judicialmente específicamente los interrogatorios sobre la cadena de cesiones del pagaré y la identidad del tenedor legítimo se encontraba pendiente y sin contestar por la parte recurrida, privando a la parte peticionaria de su derecho constitucional al debido proceso de ley y provocando un estado de total indefensión procesal?

En esa misma fecha, el peticionario radicó una *Solicitud Urgente de Paralización*. Luego de haber examinado dicho escrito, declaramos No Ha Lugar la solicitud de paralización peticionada por el señor Garced Malavé.

El 30 de junio de 2026, TVD II, LLC presentó su *Alegato en Oposición a Petición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un Tribunal de mayor jerarquía puede

rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1 (2009), como de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025). Véase, también, *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG, 205 DPR 163 (2020); Citibank et al. v. ACBI et al., 200 DPR 724 (2018).* En particular, al evaluar la procedencia de la expedición de un auto de *certiorari* post-sentencia, corresponde recurrir a la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025). La precitada regla establece los criterios que se deben examinar a tales fines:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id*

Luego de un análisis exhaustivo del expediente, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción al ordenar la ejecución de la sentencia, así como tampoco excedió el ámbito de su margen de acción al declarar Sin Lugar la reconsideración solicitada por el peticionario. Lo cierto es que el señor Garced Malavé tampoco demostró que el foro *a quo* haya actuado con prejuicio, parcialidad o que hubiese cometido un error manifiesto en su determinación. Al tratarse de un asunto post-sentencia, nuestro análisis sobre la expedición del auto de *certiorari* en este caso en particular se ciñe a los criterios prescritos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Sin embargo, examinado el recurso al palio de los mismos, no se desprende indicador alguno que amerite o siquiera justifique nuestra intervención con los dictámenes impugnados.

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral de la presente *Resolución*, declaramos No Ha Lugar la petición de paralización y denegamos expedir el auto de *certiorari* solicitado.

**Notifíquese de inmediato a todas las partes**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones